IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OLIVER LEWIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 06-101-JJF |
| | ) |
| SUPER FRESH FOOD | ) |
| MARKET and MEAT MANAGER | ) |
| RICHARD IRWIN, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Plaintiff Oliver Lewis, an inmate at the Howard R. Young Correctional Institution, brings this action pursuant to 42 U.S.C. § 1983 against Super Fresh Food Market and its manager Richard Irwin. Plaintiff proceeds pro se and was granted leave to proceed in forma pauperis. (D.I. 4.) The Court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915.

For the reasons discussed below, the complaint is dismissed without prejudice.

I. **THE COMPLAINT**

Plaintiff alleges that in 2005 he was falsely accused of second degree robbery by Richard Irwin ("Irwin"), the meat manager of Super Fresh Food Market. Plaintiff alleges that during the criminal trial of this matter a mistrial occurred when Irwin made a racial statement during his testimony.

Plaintiff asks for a letter of apology from Irwin. He also asks that Defendants be held liable on the theories of false

arrest, racial discrimination, and defamation of character. He seeks compensatory and punitive damages for emotional and mental distress for the one year he spent in prison, lost wages, attorney fees, and court costs.

## II. STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. Section 1915(e)(2)(B) provides that the Court may dismiss a complaint at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The Court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Inasmuch as Plaintiff proceeds pro se, the Court construes the complaint liberally. Haines v.

Kerner, 404 U.S. 519, 520 (1972).

## III. ANALYSIS

Plaintiff brings suit against two defendants, neither of them state actors. In the context of a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Moore v. Tartler, 986 F.2d 682, 685 (3d Cir. 1993). To act under "color of state law" a defendant must be "clothed with the authority of state law." West, 487 U.S. at 49.

Plaintiff seeks to hold Defendants liable under § 1983 for false arrest, racial discrimination, and defamation of character. Yet the Super Fresh Food Store manager is a private individual who accused Plaintiff of robbery. It is evident that Super Fresh Food Market and Irwin are not a state actors, and there is nothing to indicate Defendants were clothed with the authority of state law. Because Defendants are not state actors, Plaintiff's claim against them fails under § 1983. Plaintiff's avenue for relief lies in state court.

The complaint, therefore, is dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

## IV. CONCLUSION

NOW THEREFORE, IT IS HEREBY ORDERED this 15 day of March, 2006, that the complaint is **DISMISSED WITHOUT PREJUDICE** for

failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

                                                        _____
                                                        UNITED STATES DISTRICT JUDGE